## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MAKILA JONES, et al.,                )
                                     )
                  Plaintiffs,        )
                                     )
vs.                                  )        Case No. CIV-04-0619-HE
                                     )
TOTAL PLAN SERVICES,                 )
INCORPORATED, et al.,                )
                                     )
                  Defendants.        )

## ORDER

Plaintiffs have moved for default judgment against defendant Villanova Insurance Company.[1]  They assert that Villanova, in spite of being served at its corporate office by registered mail on October 19, 2004, has failed to file an answer or other responsive pleading to the complaint.  For the reasons set forth below, the court concludes plaintiffs' motion should be denied[2] and the case dismissed.[3]

Plaintiffs brought this action to recover benefits allegedly due under an ERISA[4] governed health insurance plan issued by Villanova on behalf of plaintiff Kevin Jones'

---

[1]*A hearing on plaintiff's motion was held December 15, 2005.*

[2]*"Decisions to enter judgment by default are committed to [this] court's sound discretion." Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 771 (10th Cir. 1997).*

[3]*The parties advise that the claims against defendant Total Plan Services, Incorporated (also referred to as "Medical Care Administrator") have been resolved by settlement, hence only the claims against Villanova remain.*

[4]*Employee Retirement Income Security Act of 1947, 29 U.S.C. §§ 1001 et seq.*

employer.[5]   Before this action was filed, Villanova was declared insolvent and placed in liquidation by a Pennsylvania court.    Pl's. Ex. A.    See Order of Liquidation, http://www.ins.state.pa.us/ins/cwp/view.asp?a=1285&q=542923&PM=1.  As part of those proceedings, the state court appointed the Pennsylvania Insurance Commissioner as the statutory liquidator of Villanova and directed her to take possession of Villanova's property, business and affairs.[6]  Order of Liquidation, at 2.  See 40 P.S. § 221.20.  In addition, the court ordered a stay of all litigation against Villanova, both in and outside of Pennsylvania, and retained exclusive jurisdiction over all determinations of the validity, amount and priority of all claims made against Villanova.  Order at 2.  See 40 P.S. § 221.26.  In accordance with 40 P.S. §§ 221.37 and 221.38, a comprehensive procedure was set up to process all claims made against the estate of Villanova, including claims such as those made by plaintiffs for the

---

[5]*Plaintiffs' originally alleged under Oklahoma law that the defendants had breached the insurance contract and acted in bad faith when they declined to pay plaintiff Makila Jones' medical bills.  However, in response to a motion to dismiss by defendant Total Plan Services, plaintiffs conceded that their claim for benefits under an employee sponsored health plan was governed by ERISA.  See Plaintiffs' response to motion to dismiss [Doc. #18].*

[6]*It is not clear that the Pennsylvania Insurance Commissioner, as statutory liquidator for Villanova, was properly served in this matter.  See 16 Couch on Ins. § 231:23 (3d ed. 2005) ("Once an insurer has been ordered into liquidation by a state court, and all the assets of the insurer have vested in the state's Superintendent of Insurance, the only valid means of serving process upon the insurer is by service on the Superintendent or a duly-appointed ancillary receiver.").  See also Norsyn, Inc. v. R.M. Desai, 351 F.3d 825, (8th Cir. 2003) ("If the party against whom a default judgment is sought has incurred no obligation under the Federal Rules of Civil Procedure to 'plead or otherwise defend' the action, the district court does not abuse its discretion in refusing to grant such relief."); Maryland State Fireman's Assoc. v. Chaves, 166 F.R.D. 353, 354 (D.Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.").*

payment of benefits under a Villanova issued health insurance plan.[7]  When claims are denied by the liquidator, a claimant has the right to a timely hearing before the liquidation court in order to resolve the dispute.  40 P.S. §221.41.

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress."  Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996).  However, a court "may decline to exercise [its] jurisdiction, in otherwise exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest."  Quackenbush, 517 U.S. at 716 (internal quotations omitted).  Considering the principles set

---

[7]*Plaintiffs' counsel indicated at the hearing that plaintiffs have filed claims with the statutory liquidator as required by the Order of Liquidation.*

forth in both the *Burford*[8] and *Colorado River*[9] abstention doctrines,[10] the court concludes, as a matter of comity, that it should abstain from hearing this dispute.[11]

Pennsylvania has a strong interest in the orderly liquidation of Villanova. This is best achieved in a "single comprehensive proceeding" geared toward "the efficient adjudication and satisfaction of claims" against Villanova's estate. Wolfson, 51 F.3d at 146. Allowing plaintiffs to proceed in this court while the state liquidation process is ongoing will create a situation in which two separate forums are charged with deciding the merits of plaintiffs'

---

[8]*In* Burford v. Sun Oil Co., *319 U.S. 315 (1943), the United States Supreme Court upheld a federal district court's decision to abstain in a dispute involving the review of a permit order issued by the Texas Railroad Commission to drill oil.* Id. *At 332. The Court concluded that the exercise of federal jurisdiction threatened to frustrate the purpose of a complex administrative system which had been established by the State of Texas to regulate the oil industry.* Id. *The doctrine now commonly referred to as "Burford abstention," "allows a federal court to dismiss a case only if it presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar, or if its adjudication in a federal forum would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."* Quackenbush, *517 U.S. at 726-27 (internal quotations omitted) (citing* New Orleans Public Serv., Inc. v. Council of City of New Orleans, *491 U.S. 350, 361 (1989)). The principal question in this case "is whether this court's exercise of jurisdiction would disrupt the state's efforts to create and maintain a coherent policy on liquidating insolvent insurance companies."* In re Universe Life Ins. Co. v. *35 F.Supp.2d 1297, 1300 (D. Kan. 1999).*

[9]*"The Colorado River doctrine applies to 'situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts.'"* Fox v. Maulding, *16 F.3d 1079, 1080 (10th Cir. 1994) (quoting* Colo. River Water Conservation Dist. v. United States, *424 U.S. 800, 817 (1976)). The doctrine "was adopted to avoid duplicative litigation" and "to preserve judicial resources."* Rienhardt v. Kelly, *164 F.3d 1296, 1302 (10th Cir. 1999).*

[10]*See* Wolfson v. Mut. Benefit Life Ins. Co., *51 F.3d 141, 146-47 (8th Cir. 1995) ("The considerations weighed in each branch of abstention are not mutually exclusive, and courts should not limit the abstention inquiry to whether the case at bar fits neatly into the most analogous line of prior cases."), (modified by* Quackenbush, *517 U.S. at 730-31).*

[11]*The court's decision to abstain would remain the same even if the issues as to service of process were resolved in favor of plaintiffs.*

4

claims against Villanova.  Because plaintiffs' claims will directly impact and disrupt the

ongoing liquidation of Villanova,[12] the court deems it appropriate to defer to the state court

insolvency proceedings for the timely and adequate resolution of plaintiffs' claims against

Villanova.[13]   Accordingly, plaintiffs' motion for default judgment against defendant

Villanova Insurance Company is **DENIED** and the case is **DISMISSED** as to Villanova.[14]

As noted previously, plaintiffs' claims against defendant Total Plan Services have

been resolved by settlement.  Accordingly, the case against defendant Total Plan Services

is **ADMINISTRATIVELY CLOSED**.  The Clerk of Court is directed to administratively

terminate the action without prejudice to the right of a party to file a stipulation or order of

dismissal or, for good cause shown upon motion, to reopen the proceeding for any other

purpose necessary to obtain a final determination of the action.  If, within **thirty (30) days**

---

[12]*See Feige v. Sechrest, 90 F.3d 846, 847 (3d Cir. 1996) ("At this point in our jurisprudence, there can be little doubt that parallel federal and state proceedings would disrupt Pennsylvania's legislative framework for the liquidation of insolvent insurers.").  See also Grimes v. Crown Life Ins. Co., 857 F.2d 699, 703 (10th Cir. 1988) (noting that in instances where states have formulated "complex and specialized administrative and judicial schemes to regulate insurers, especially the liquidation of insolvent insurers, it becomes increasingly possible that the exercise by a federal court of its jurisdiction will prove to be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern") (internal quotations omitted).*

[13]*"State courts have concurrent jurisdiction under ERISA" and "are accustomed to interpreting insurance policies and resolving coverage disputes."  Wolfson, 51 F.3d at 146.  Thus, "there is no reason to fear that the state court insolvency proceeding is ill-suited to resolving [plaintiffs' claims]."  Id.*

[14]*Plaintiffs concede the substance of the relief sought by them in this action is a judgment declaring them beneficiaries under the policy.  December 15, 2005, hearing, p. 14.  As suits for declaratory relief are among those which a federal court may dismiss, rather than stay, based on abstention principles, see Quackenbush, 517 U.S. at 718-19, the court concludes dismissal is appropriate.*

5

from the date of this order, closing papers have not been filed or leave sought to reopen the case, this action shall be deemed dismissed with prejudice.

**IT IS SO ORDERED**.

Dated this 30th day of December, 2005.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE